IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02290-MEH

JONATHAN EASLEY,

    Plaintiff,

v.

FAIRWAY INDEPENDENT MORTGAGE CORPORATION,

    Defendant.

___

**ORDER ON MOTION TO DISMISS**
___

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint [filed December 1, 2015; docket #8]. The matter is fully briefed, and the Court finds that oral argument will not assist in its adjudication of the motion. Based on the record herein and for the reasons that follow, the Court **denies** the motion.[1]

**BACKGROUND**

    Plaintiff initiated this lawsuit by filing his Complaint on October 15, 2015, claiming Defendant violated the Colorado "Unlawful Prohibition of Legal Activities as a Condition of Employment" statute, Colo. Rev. Stat. § 24-34-402.5, for wrongfully terminating Plaintiff's employment based on his lawful activities. Complaint, docket #1. On December 1, 2015, Defendant filed the current Motion, asserting the Complaint fails to state a claim and, thus, his case should be dismissed. Motion, docket #8. Plaintiff responded on December 21, 2015 [docket #19], and

___

[1] Pursuant to 28 U.S.C. § 636(c) and D.C. Colo. LCivR 40.1(c), the parties consented to the jurisdiction of this Court to conduct all proceedings in this civil action. Docket #15.

Defendant replied on January 5, 2016 [docket #20].

The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by the Plaintiff in his Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant is a mortgage banking organization headquartered in Wisconsin that has 260 branches nationwide. Complaint, docket #1 at 2. Plaintiff began his employment with Defendant on or about October 13, 2013, working as a loan originator out of the Denver, Colorado, branch. *Id*. Plaintiff's supervisor, Curtis Helton, who managed both the Denver and Grand Junction branches, was a personal friend of Plaintiff's predating this job; the two met through a mutual personal friend then worked together at a previous company. *Id*. Plaintiff and Helton's friendship continued during the time they both worked for Defendant. *Id*. For example, they participated together in church activities. *Id*.

In June 2015, Helton met socially with Gavin Ekstrom outside of the offices of Defendant. *Id*. at 3. Plaintiff did not attend, was not told of the meeting between Helton and Ekstrom, and knew nothing about its purpose. *Id*. On or about June 9, 2015, Defendant fired Helton for meeting with a competitor (Ekstrom). *Id*. The same day, Defendant fired Plaintiff, accusing him of being at the meeting with Helton and Ekstrom. *Id*. Multiple employees of Defendant told Plaintiff that the company terminated him "because of his association and friendship with Mr. Helton, and due to his participating in social activities with Mr. Helton outside of work." *Id*.

Plaintiff asserts his termination of employment was based on a legal activity and violates Colorado law pursuant to Colo. Rev. Stat. § 24-34-402.5. *Id*. Defendant argues the Plaintiff has failed to plausibly plead he was terminated in violation of that statute.

## **LEGAL STANDARDS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

## ANALYSIS

Colo. Rev. Stat. § 24-34-402.5 (the "Statute") protects an employee from the employer's unlawful prohibition of legal activities as a condition of employment, and provides, in relevant part:

> (1) It shall be a discriminatory or unfair employment practice for an employer to terminate the employment of any employee due to that employee's engaging in any lawful activities off the premises of the employer during nonworking hours unless such a restriction:
>
> > (a) Relates to a bona fide occupational requirement or is reasonably and rationally related to the employment activities and responsibilities of a particular employee or a particular group of employees, rather than to all employees of the employer; or
> >
> > (b) Is necessary to avoid a conflict of interest with any responsibilities to the employer of the appearance of such a conflict of interest.

§ 24-34-402.5. To state a claim under the Statute, a plaintiff must show that he: (1) engaged in a lawful activity off the premises of an employer during nonworking hours; and (2) was terminated for engaging in this activity. *See Marsh v. Delta Airlines*, 952 F. Supp. 1458, 1461 (D. Colo. 1997); *see also Yarbrough v. ADT Sec. Servs, Inc.*, No. 07-cv-01564-LTB-KMT, 2008 WL 3211284 (D. Colo. Aug. 6, 2008).[2]

Colorado is an at-will employment state. *See, e.g., Wisehart v. Meganck*, 66 P.3d 124, 216 (Colo. App. 2002) (at-will employment in Colorado allows either the employee or the employer to terminate employment at any time without cause; this balance "promotes flexibility and discretion

---

[2]The *Marsh* and *Yarbrough* courts noted the scant legislative history and Colorado case law available interpreting the substantive portions of the Statute. While additional cases have been decided since these opinions issued, this Court's review of the case law reveals a similar dearth of direction, as most cases have not been decided on motions to dismiss and have not addressed the sufficiency of the pleadings. This lack of relevant case law is also reflected in the parties' briefs in this case, none of which provide many significant citations to cases regarding the Statute.

for employees to seek the best position to suit their talents and for employees to seek the best employees to suit their needs."). However, the Colorado Supreme Court has noted this Statute falls within an exception to an employer's ability to fire an employee at will. *See Crawford Rehab. Servs., Inc. v. Weissman*, 938 P.2d 540 at 546-47 (Colo. 1997). The Statute thus falls within the broader at-will doctrine, yet it "promotes a 'hands-off' policy for a broad range of off-the-job employee behavior." *Coats v. Dish Network, L.L.C.*, 303 P.3d 147, 151 (Colo. App. 2013).

The *Coats* court noted that the general purpose of the Statute is "to keep an employer's proverbial nose out of an employee's off-site off-hours business." *Id*. This seeks to give employees privacy. *Gwin v. Chesrown Chevrolet, Inc.*, 931 P.2d 466, 470 (Colo. App. 1996). The Statute should protect, for example, members of a conservative political party "who are employed by a fervent democrat," or "smokers who are employed by an employer with strong anti-tobacco feelings." *Marsh*, 952 F. Supp. at 1462. "The one common thread that links all of these examples is that the statute shields employees who are engaging in private off-the-job activity, that is unrelated to [that employee's] job." *Id*. at 1462-63. Furthermore, the Colorado Court of Appeals has held that the Statute covers "*any* lawful activity off the premises of the employer during nonworking hours." *Watson v. Pub. Serv. Co. of Colo.*, 207 P.3d 860, 864 (Colo. App. 2008) (emphasis in original). The *Watson* court further explained:

> 'Any' means all. We are not to presume that the legislative body used language idly and with no intent that meaning should be given to its language. And, as a remedial statute, section 24-34-402.5 should be broadly construed (where an act is remedial, it will be liberally construed to accomplish its objectives).

*Id*. (internal citations and quotations omitted).

Here, Plaintiff alleges Defendant terminated him for his lawful activity of having an off-site friendship with Helton during nonworking hours. *See generally* Complaint, docket #1. Defendant

argues Plaintiff fails to provide sufficient details to support why Defendant "may have disliked this friendship or socialization to such a degree to terminate" Plaintiff, particularly given the length of the relationship and the fact that the friendship preceded their employment with Defendant. Response, docket #8 at 4-5. Defendants further indicates it had known of the friendship yet not acted upon that knowledge during the more than 18 months Plaintiff worked for Defendant. *Id.* Defendant notes: "Common sense does not support that an employer would hire an employee, continue to employ such an employee, and promote such an employee that it knew was engaging in off duty activities it disliked, and then ultimately terminate the employee for those same activities. *Id.* at 5. As a result, Defendant concludes that Plaintiff has failed to state a plausible claim. *Id.*

Plaintiff responds that the facts presented in the Complaint "sufficiently demonstrate above the speculative level that Plaintiff was terminated not because he attended a meeting with Mr. Helton and Mr. Ekstrom, which he alleges he did not, but because he associated socially with Mr. Helton[,] who was also terminated by Defendant on the same day." Response, docket #19 at 4-5. Plaintiff notes further:

> [W]hat Defendant contends is "common sense" is not the standard. The question is whether it is "plausible" that Plaintiff was terminated from employment based on his friendship with a coworker, when (1) he was terminated on the same day his known social friend and coworker was terminated, (2) due to the (false) claim that he attended a meeting with said social friend and a "competitor," (3) when his social friend was terminated because of his meeting with the "competitor," and (4) when Plaintiff was told by several employees that the actual reason for his termination was his association with his friend outside of work. Each of these facts, construed in favor of Plaintiff, plausibly show that Plaintiff was unlawfully terminated for no other reason than his social dealings with Mr. Helton outside of the office.

*Id.* at 5. Defendant replies that Colorado is an at-will employment state, and asserts that Plaintiff's allegations fall within the exceptions to the Statute as "the meeting between Plaintiff's 'social friend' and a competitor is an activity tantamount [to] a conflict of interest or the appearance of a conflict

of interest." Reply, docket #20 at 3.

The Court disagrees with Defendant's conclusion that this exception can be so easily reached at this phase of the litigation. Taking Plaintiff's allegations as true for purposes of this Motion, and taking the Colorado courts' direction that the Statute should be construed liberally (and that *any* off-site, after-hours activity can invoke the Statute), this Court reaches a different conclusion. The Court finds Plaintiff has plausibly pled that his termination was based on his friendship – a lawful, off-site relationship with Helton during nonworking hours – despite Plaintiff having nothing to do with any purported conflict of interest Helton may have exhibited. The Court is unpersuaded by the argument that the friendship existed for a long period of time without Defendant taking action against Plaintiff; rather, the facts as pled indicate a temporal connection that altered the previous status quo and led to the same-day firing of both Helton and Plaintiff. If Plaintiff can prove the facts he has pled, a reasonable jury could find that Defendant wrongfully terminated Plaintiff because of his friendship with Helton and, therefore, violated the Statute. The evidence may, in a fight to be saved for another day, not align with that proposition, but Plaintiff has accomplished what he must to plausibly plead his claim and survive Defendant's Motion.

## **CONCLUSION**

In sum, the Court finds the Plaintiff has stated a plausible claim under Colo. Rev. Stat. § 24-34-402.(5), making dismissal improper at this phase of the litigation. Accordingly, based upon the foregoing and the entire record herein, the Court **denies** Defendant's Motion to Dismiss Plaintiff's Complaint [filed December 1, 2015; docket #8].

Entered and dated at Denver, Colorado, this 16th day of February, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

8